**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT RAND,<br><br>            Petitioner,<br>   v.<br>MICHAEL CARVAJAL, et. al,<br><br>            Respondents. | Case No. 2:21-cv-00720-AB (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation of United States Magistrate Judge ("Report") issued on May 21, 2021. On June 16, 2021, Petitioner filed a document entitled "Motion to Withdraw," which the Court construes as objections to the Report. (ECF 17.) The Court has engaged in a *de novo* review of those portions of the Report to which objections have been made and concludes that Petitioner's objections lack merit.

      Initially, Petitioner indicates that he did not intend his claim to be construed as a request for compassionate release. Rather, he intends to present his motion for compassionate release to the sentencing court and requests that the Court dismiss the portion of his petition raising such a claim without prejudice. (ECF 17 at 1.) It is noted that the Report already recommends dismissal without prejudice.

      Petitioner also argues that his "primary" claim for relief was a request for

declaratory judgment that the BOP erred in categorizing his offense as a crime of violence. (ECF 17 at 1.) Notably, Petitioner does not allege that the BOP has relied upon the categorization of his offense to take any action adversely affecting his sentence. Thus, there is no basis on which to conclude that the remedy Petitioner apparently seeks – namely, expunging from his prison file the categorization of his offense as a crime of violence – would lead to his earlier release. *See generally Fiorito v. Entzel*, 829 F. App'x 192, 194 (9th Cir. 2020) (citing *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus is available "when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole")). Even liberally construed, the petition fails to allege facts demonstrating that a writ of habeas corpus could appropriately address any harm that Petitioner seeks to remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Given the absence of allegations that Petitioner has suffered adverse consequences from the BOP's designation of his offense, Petitioner has not invoked habeas corpus jurisdiction. *See Fiorito*, 829 F. App'x at 194.[1]

Accordingly, Petitioner's objections are overruled, and the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing the action without prejudice.

DATED: August 04, 2021

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Report construed this claim as seeking judicial reweighing of factors that Congress has delegated to the BOP and recommends that the claim be dismissed with prejudice. Because the precise contours of Petitioner's claim are difficult to discern and because the dismissal is based on lack of habeas jurisdiction, the Court concludes that dismissal without prejudice is appropriate.